**FILED**

UNDER

**SEAL**

NICHOLAS A. TRUTANICH
United States Attorney
District of Nevada
Nevada Bar Number: 13644
NICHOLAS DICKINSON
Assistant United States Attorney
United States Attorney's Office
501 Las Vegas Boulevard South, Suite 1100
Las Vegas, Nevada 89101
702-388-6336

UNITED STATES DISTRICT COURT

District of Nevada

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 2:20-mj-00221-DJA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | PETITION FOR ACTION |
| | ) | ON CONDITIONS OF |
| LOUIS DAMATO | ) | <u>PRETRIAL RELEASE</u> |
| Defendant | ) | |

Attached hereto and expressly incorporated herein is a Petition for Action on Conditions of Pretrial Release concerning the above-named defendant prepared by Sandra P. Bustos, Supervising United States Pretrial Services Officer. I have reviewed that Petition and I concur in the recommended action requested of the Court.

Dated this 29th day of March, 2020.

NICHOLAS A. TRUTANICH
United States Attorney

By ___/S/_____.
NICHOLAS DICKINSON
Assistant U. S. Attorney

# UNITED STATES DISTRICT COURT
## for the
## DISTRICT OF NEVADA

U.S.A. vs. LOUIS DAMATO                                   Docket No. 2:20-mj-00221-DJA

Petition for Action on Conditions of Pretrial Release

    COMES NOW SANDRA P. BUSTOS, SUPERVISING UNITED STATES PRETRIAL SERVICES OFFICER, presenting an official report upon the defendant, Louis Damato, who was placed under Pretrial Services supervision by the Honorable U.S. Magistrate Judge Brenda Weksler in the Court at Las Vegas, Nevada, on March 27, 2020, on a personal recognizance bond, with the following conditions of release:

1. Pretrial Services Supervision.
2. The defendant shall abide by all conditions of release of any current term of parole, probation, or supervised release.
3. The defendant shall abide by the following restrictions on personal association, place of abode, or travel:
   Travel is restricted to Clark County, NV.
4. The defendant shall maintain residence at a halfway house or community corrections center as Pretrial Services or the supervising officer considers necessary. The defendant may only leave for employment; education; religious services; medical, substance use or mental health treatment; attorney visits; court appearances; court-ordered obligations; or other activities preapproved by Pretrial Services or the supervising officer.
5. The defendant shall pay all or part of the costs for residing at the halfway house or community corrections center based upon his/her ability to pay as Pretrial Services or the supervising officer determines.
6. The defendant shall avoid all contact directly or indirectly with any person who is or may become a victim or potential witness in the investigation or prosecution, including but not limited to: Dina Titus and all other victims related to state cases.
7. The defendant shall refrain from possessing a firearm, destructive device, or other dangerous weapons.
8. The defendant shall submit to any testing required by Pretrial Services or the supervising officer to determine whether the defendant is using a prohibited substance. Any testing may be used with random frequency and may include urine testing, a remote alcohol testing system and/or any form of prohibited substance screening or testing. The defendant shall refrain from obstructing or attempting to obstruct or tamper, in any fashion, with the efficiency and accuracy of any prohibited substance testing or monitoring which is/are required as a condition of release.
9. The defendant shall pay all or part of the cost of the testing program based upon his/her ability to pay as Pretrial Services or the supervising officer determines.

10. The defendant shall refrain from use or unlawful possession of a narcotic drug or other controlled substances defined in 21 U.S.C. § 802, unless prescribed by a licensed medical practitioner. This includes marijuana and/or any items containing THC.
11. The defendant shall not be in the presence of anyone using or possessing a narcotic drug or other controlled substances.
12. The defendant shall pay all or part of the cost of the substance use treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
13. The defendant shall undergo medical or psychiatric treatment.
14. The defendant shall submit to a mental health evaluation as directed by Pretrial Services or the supervising officer.
15. The defendant shall pay all or part of the cost of the medical or psychiatric treatment program or evaluation based upon his/her ability to pay as determined by Pretrial Services or the supervising officer.
16. The defendant shall abide by other conditions as noted below: Take all prescribed medication, especially psychiatric medication, as directed.

**Respectfully presenting petition for action of Court and for cause as follows:**

1. On March 29, 2020 the defendant failed to return to the Las Vegas Community Correction Center (LVCCC) after being discharged from Sunrise Hospital. His whereabouts are unknown and LVCCC discharged the defendant as an absconder.

**PRAYING THAT THE COURT WILL ORDER THAT A WARRANT BE ISSUED UPON THE ALLEGATIONS OUTLINED ABOVE. FURTHER, THAT A HEARING BE HELD TO SHOW CAUSE WHY PRETRIAL RELEASE SHOULD NOT BE REVOKED.**

ORDER OF COURT

Considered and ordered this 29th day of March, 2020 and ordered filed and made a part of the records in the above case.

_____
Honorable Nancy J. Koppe
U.S. Magistrate Judge

I declare under penalty of perjury that the information herein is true and correct. Executed on this 29th day of March, 2020.

Respectfully Submitted,

*Sandra P. Bustos*
_____
Sandra P. Bustos
Supervising U.S. Pretrial Services Officer
Place: Las Vegas, Nevada